[Decided January 28, 1888.]

# JOHN HENRY TIMMERMAN *v.* TERRITORY OF WASHINGTON.

1. INDICTMENT—SUFFICIENCY OF—MURDER.—An indictment charging that "H. T. is accused by the grand jury of the Territory of Washington, for the county of Klickitat, by this indictment, of the crime of murder in the first degree, committed as follows: He, the said H. T., in the said county of Klickitat, on the third day of October, 1886, purposely, and of his deliberate and premeditated malice, killed W. S. by then and there purposely and of his premeditated malice shooting and mortally wounding the said W. S. with a pistol which he, the said H. T., then and there held in his hand, and from which mortal wound the said W. S. instantly died," sufficiently charges the crime of murder in the first degree, and will support judgment of death in case of conviction. (*Leonard* v. *Territory*, 2 Wash., p. 381, reaffirmed.)

2. JURORS—CHALLENGE OF—ERROR.—Alleged error by District Court in overruling challenges for cause to jurors will not be reviewed in Supreme Court, unless the evidence is brought up.

3. CRIMINAL PRACTICE—MURDER—VERDICT—FORM OF.—In the trial of an indictment charging the crime of murder in the first degree, a verdict in the following form: "We, the jury in the case of The Territory of Washington against J. H. T., find the defendant guilty," is in substantial compliance with section 1103 of the Code, and is a verdict of guilty of murder in the first degree, although the defendant might have been convicted under the same indictment of murder in the second degree or of manslaughter.

4. EVIDENCE—CORPUS DELICTI—PROOF OF.—While in capital cases the *corpus delicti*, like every other material fact, must be proved beyond a reasonable doubt, it need not be proved by direct evidence. The law is satisfied when so proved by either circumstantial or direct evidence.

5. INSTRUCTIONS—REFUSAL OF—REASONABLE DOUBT.—When the court has rightly and fully instructed the jury upon the question of reasonable doubt, to which no exception was taken, it is not error for the court to

refuse an instruction upon the same subject asked for by the defendant, although the latter is correct in law.

**6.** SAME—SAME.—An instruction, asked for by defendant, and refused by the court, as follows: ''When circumstances alone are relied upon by the territory for conviction, each and every circumstance must be consistent with the other, and with the whole chain; and each and all must point to the defendant exclusively as the guilty agent; and every link of the chain of circumstances must be so complete and consistent with the guilt of the defendant as to exclude every reasonable hypothesis of his innocence, and so perfect and complete as to establish his guilt to a moral certainty '': *Held,* that the instruction was rightfully refused, because liable to mislead if given as asked, for the circumstances might point to two persons as the guilty parties, the defendant being one of the two; or one or more of the circumstances proved might have no reference whatever to the defendant, or to the crime charged, or form no part of '' the chain,'' or not point to any particular part connected with the crime, and therefore justifying the jury in not considering the same at all.

**7.** JUDGMENT—DEATH SENTENCE—EXECUTION OF—IRREGULARITY—CRIMINAL PRACTICE.—It is irregular for a death sentence to fix a specific day for its execution. The time of execution should be fixed in the warrant, and not in the judgment. But this irregularity is mere surplusage and does not affect the validity of the judgment.

ERROR to the District Court holding terms at Goldendale. Fourth District.

All the facts necessary for the understanding of the points made and decided are fully stated in the opinion of the court.

*Mr. J. B. Landrum,* and *Messrs. Ballard & Coovert,* for the Plaintiff in Error.

The form of indictment prescribed by the Supreme Court of this territory in the case of *Leonard* v. *Territory,* 2 Wash. 381, is not good, and the law prescribing it is in conflict with the fifth amendment to the constitution of the United States. (*Davidson* v. *New Orleans,* 96 U. S. 103; *Dartmouth College Case,* 4 Wheat. 518; Cooley on Con. Lim., 1st ed., 441, 437.) There must be direct proof of the *corpus delicti* in criminal cases. Circumstantial evidence is not sufficient in a murder case. (*Ruloff* v. *People,* 18 N. Y. 181; *People* v. *Wilson,* 3 Parker Crim. Rep. 199.) The court erred in refusing the defendant's instruction on the subject of reasonable doubt, and the amount of proof required in cases of circumstantial

evidence. (Sackett on Instructions, 475, 476, 477; *People v. Padillia,* 42 Cal. 535.) The jury failing to find the particular degree of homicide in their verdict, the latter is void for uncertainty and will not support a judgment of death. (*Territory v. Stears,* 2 Mont. 324; *State v. Phillips,* 24 Mo. 475; *Buster v. State,* 42 Tex. 315; *Dick v. State,* 3 Ohio St. 89; *Murphy v. State,* 45 Ala. 142; *State v. Rover,* 10 Nev. 388; *State v. Johnson,* 8 Iowa, 525, 74 Am. Dec. 321; 2 Bishop Crim. Proc. 590, 596.)

*Mr. H. Dustin, Prosecutiny Attorney,* and *Messrs. Dunbar & Smith,* for the Defendant in Error.

It is not error for the court to refuse an instruction on a point which is already covered, substantially, by another instruction on the same subject.

The tenth instruction asked by defendant, relating to reasonable doubt and amount of proof required in cases of circumstantial evidence, was properly refused. (1 Bishop's Crim. Proc., sec. 1057.) The form of the verdict complies with section 1103 of Code. The authorities holding otherwise are based upon statutes of states expressly requiring the particular degree of homicide to be found by the jury and stated in the verdict. (*Cook v. Territory,* 4 West Coast Rep. 340; 1 Bishop's Crim. Proc., sec. 1005 *a.*) The form of the indictment is sufficient and fully complies with section 1006 of the Code. (*Territory v. Leonard,* 2 Wash. 381; *People v. O'Callaghan,* 9 Pac. Rep. 414.)

The word "felonious" is not essential in an indictment for murder under our statutes. (*Watts v. Territory,* 1 Wash. (N. S.) 409.) Unless the evidence is in the record, the Supreme Court ought not to consider alleged errors in giving or refusing instructions. (*Thompson v. Territory,* 1 Wash. 547.)

The *corpus delicti* may be proven by circumstantial evidence. (*Minich v. People* (Col.), 8 West Coast Rep. 580.)

Mr. Chief Justice JONES delivered the opinion of the court.

The defendant was indicted for murder in the first degree, the indictment being in these words:

"District Court for the Fourth Judicial District of Washington Territory, holding terms at Goldendale, for the county of Klickitat, W. T.

"*The Territory of Washington, Plaintiff*, v. *Henry Timmerman, Defendant*.

"Henry Timmerman is accused by the grand jury of the Territory of Washington, for the county of Klickitat, by this indictment, of the crime of murder in the first degree, committed as follows: He, said Henry Timmerman, in the said county of Klickitat, on the third day of October, 1886, purposely, and of his deliberate and premeditated malice, killed William Sterling, by then and there purposely, and of his deliberate and premeditated malice, shooting and mortally wounding the said William Sterling with a pistol, which he, the said Henry Timmerman, then and there held in his hand, and from which mortal wound the said William Sterling instantly died."

A plea of not guilty was entered, and on calling a jury for trial defendant challenged two jurors for cause; the challenges were overruled, and the defendant excepted. None of the evidence in the case is returned to this court, and therefore there is nothing here by which this court can ascertain whether the ruling complained of is correct or otherwise.

For the same reason we are unable to say whether there was error in receiving a copy of a telegram, or whether it was received or not.

The jury returned a verdict in this form: "We, the jury in the case of the Territory of Washington against John Henry Timmerman, find the defendant guilty," and sentence of death was pronounced. This verdict is claimed to be defective in this: That the defendant might have been found guilty of murder in the first or second degree or of manslaughter under this indictment, and therefore the verdict was uncertain and the court could not pronounce sentence upon it. If the objection is sound, every motive exists for so declaring.

In many states the form of verdict here used has been

held bad for the reasons here assigned, but growing out of statutes peculiar to such states; and in others, where there is no statutory form, because of the reason of the matter itself. Our Code, section 1097, provides that "upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto." The next section provides that "in all other cases the defendant may be found guilty of any offense, the commission of which is necessarily included within that with which he is charged in the indictment."

It would seem from these sections that if the jury found the defendant guilty of an offense of inferior degree to that charged, the verdict must specify that degree; but if the verdict was intended to be guilty of the degree charged, there would be no necessity of so specifying it. If there is or may be a doubt as to this under these sections, section 1103 seems to remove any possible room for criticism.

That section is in these words: "When the defendant is found guilty" the court shall fix the punishment, and "the verdict may be substantially in the following form: 'We, the jury in the case of the Territory of Washington, plaintiff, against ——, defendant, find the defendant guilty.'"

In this case, the jury used this form, inserting the name of defendant in the blank, and one of the jurors signed it as foreman.

We have no doubt of the power of the legislature to prescribe the form, and think there is no uncertainty as to the fact thus found. In this case there is no room for doubt left when we take into consideration the fact appearing in the record that the court instructed the jury that there could be no verdict under the evidence but one of acquittal, unless they found from the evidence, beyond all reasonable doubt, that defendant was guilty of murder in the first degree, in which case they should find him guilty.

The defendant requested that the following instructions be given to the jury; the request was refused, and he excepted:

29

"1. There must be *direct* proof that William Sterling is dead; or else, there must be direct proof that he has been murdered by defendant in such a way and manner as to account for the disappearance of the body.

"2. When circumstances alone are relied upon by the territory for conviction, each and every circumstance must be consistent with the other, and with the whole chain; and each and all must point to the defendant exclusively as the guilty agent; and every link of the chain of circumstances must be so complete and consistent with the guilt of defendant as to exclude every reasonable hypothesis of his innocence, and so perfect and complete as to establish his guilt to a moral certainty."

The fact of death need not be proved by direct evidence; like every other material fact, the *corpus delicti* must be proved beyond a reasonable doubt, and when so found by evidence, circumstantial or direct, the law is satisfied.

The second instruction above quoted would be liable to mislead if given as asked, even if this was a case where circumstantial evidence alone was relied upon for a conviction. The circumstances might point to two persons as the guilty parties, the defendant being one of the two; one or more of the circumstances proved might have no reference whatever to the defendant or to the crime charged, or form no part of "the chain," or not point to any particular fact connected with the crime, and the jury be therefore justified in not considering it at all.

The court instructed the jury rightly and fully upon the question of reasonable doubt, and no exception was taken thereto; and having so done, there was no error in refusing that asked by defendant on the same subject, even if it were correct in law. In the language asked, it was liable to mislead, and was rightly refused.

The form of the indictment is objected to as insufficient in law, and the following points are made upon it:

The indictment at bar does not show:

1. A felonious killing.

2. It does not show that the grand jury was sworn.

3. It does not show the killing to have been done *vi et armis.*

4. It gives no description of the wounds, so that the court or jury could determine their fatality.

5. It does not allege that the pistol was loaded with powder and lead or with anything.

6. It does not allege that defendant struck or hit deceased with any death-dealing missile.

7. It does not allege that death resulted from the "mortal wounding" charged.

8. It does not allege that the deceased was in Klickitat county at the time of the shooting or of the death.

9. It has no endorsement thereon signed by the foreman of the grand jury. And in capital cases there is no waiver by going to trial.

The indictment contains nothing but a mass of legal conclusions. Facts are not stated.

It is not certain to a common intent.

It is not certain to a general intent.

It is not certain to an intent in *every particular.*

These are required.

This form of indictment has by this court (2 Wash. 381) been approved, and the whole subject fully considered, and we see no cause to change the rule. The judgment made fixes a specific day for its execution. This is irregular, it is true, but it is mere surplusage, and cannot affect its validity. The time of execution should be fixed in the warrant, and not in the judgment. We have carefully considered the whole case as shown by the record, even upon the questions not raised by counsel, and find no material error.

That portion of the judgment fixing a date for the execution will be vacated, and otherwise the judgment is affirmed, and the cause remanded with instructions that a warrant issue to carry said judgment into effect according to law.

ALLYN, J., and LANGFORD J., concurred in the result.