[No. 508.  Decided April 6, 1892.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT T. DAY, *Appellant.*

MURDER—INFORMATION—SUFFICIENCY.

Upon a trial for murder in the first degree an information is sufficient which charges that the defendant "purposely and of his deliberate and premeditated malice killed" deceased "by then and there, purposely and of his deliberate and premeditated malice, shooting and mortally wounding" deceased, etc., as it is unnecessary, under Code Proc., §§ 1202, 1236, 1244, to allege that the act was done unlawfully, feloniously and of malice aforethought, or that the deceased was murdered, or that he then and there died, or that he was a human being; nor need the part of the body wounded be designated.

*Appeal from Superior Court Cowlitz County.*

The facts are stated in the opinion.

*M. E. Billings*, for appellant.

*W. C. Jones*, Attorney General; *James A. Haight* and *J. S. Beall*, for The State.

The opinion of the court was delivered by

ANDERS, C. J.—Appellant was tried and convicted of murder in the first degree, upon an information charging the offense in the following language:

"The said Robert Day, in said Cowlitz county, State of Washington, on to wit: The 9th day of October, A. D. 1891,

purposely and of his deliberate and premeditated malice, killed Thomas Clinton Beebe, by then and there, purposely, and of his deliberate and premeditated malice, shooting and mortally wounding the said Thomas Clinton Beebe, with a gun which he, the said Robert Day, then and there held in his hands."

The defendant filed a motion in arrest of judgment for the alleged reason that the facts stated in the information did not constitute a crime, and also the further motion to set aside the verdict on the ground that it was not warranted by the information, or by the evidence, and that no greater crime than manslaughter was charged. These motions were denied and exceptions were duly taken to the ruling of the court thereon. From the judgment and sentence which was thereafter rendered, the defendant appealed to this court.

The objection to the sufficiency of the evidence cannot be here considered, as none of the testimony produced at the trial appears in the record. The sole question, therefore, for our determination is that which relates to the sufficiency of the information. And this is not a new question before this court. The identical language used in this information to set forth the crime charged is found in a form of indictment suggested for the use of prosecuting attorneys, by GREENE, C. J., in the case of *Leonard v. Territory,* 2 Wash. T. 381 (7 Pac. Rep. 872). That form has since been approved in *Timmerman v. Territory,* 3 Wash. T. 445 (17 Pac. Rep. 624) and in *Frederick v. Territory,* 2 Wash. 358 (26 Pac. Rep. 976), and the question now before us might well be considered as settled adversely to the contention of appellant, on the authority of those cases, without further consideration. But, owing to the gravity of the offense of which appellant is accused and the earnestness with which his counsel has challenged the soundness of those decisions, we will proceed to examine the objec-

tions to the information as if they were now before us for the first time. The specific points made by counsel for appellant, both in his brief and in his oral argument, are that it is not alleged in the information that the act stated was done unlawfully, feloniously and of malice aforethought or that the deceased was murdered, or that he then and there died, or that he was a human being; and that the part of the body wounded is not designated. Tested by the rules and formulas of the common law some of these objections might possibly be deemed valid. But the common law rules of pleading in criminal actions do not obtain in this state. They have been abolished by express legislative enactment, and we must now be guided solely by our own statutes in determining the sufficiency of pleadings in criminal as well as in civil actions. Code Proc., § 1202. The ancient forms and technicalities of the common law, which subserved no purpose except to embarrass and impede the administration of justice, have been wisely discarded, and we now have a system of criminal pleading which neither disregards any of the substantial rights of the accused, nor permits him to shield himself from just punishment by requiring the insertion in the indictment or information of allegations in nowise necessary to inform him of the "nature and cause of the accusation against him," but which under the old system were necessary to be alleged and proved, or an acquittal would result, though the fact of guilt were otherwise manifest.

Under our statute an indictment or information is sufficient if it can be understood therefrom that the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language without repetition, and in such a manner as to enable a person of common understanding to know what is intended; and "that the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce

judgment upon a conviction according to the right of the case." Code Proc., § 1244. Can it be understood from the information now before us that the act charged as the crime is set forth in accordance with the provisions of the section of the code above referred to? We think it can, and that no person of ordinary understanding could fail to know what is intended. Murder in the first degree is defined by our statute as follows:

"Every person who shall purposely, and of deliberate and premediated malice, or in the perpetration, or attempt to perpetrate, any rape, arson, robbery, or burglary, or by administering poison, or causing the same to be done, kill another, shall be deemed guilty of murder in the first degree." Penal Code, § 1.

This definition is clear, precise and comprehensive, and sets out every act necessary to be alleged in charging the crime defined. And the charge in the information, being in the language of the statute defining the offense, is sufficient. Kerr on Homicide, § 247; *Watts v. Territory,* 1 Wash. T. 409; *Shilling v. Territory,* 2 Wash. T. 283 (5 Pac. Rep. 926); *State v. Davis,* 70 Mo. 467; *People v. Soto,* 63 Cal. 165. The information is direct and certain as to the crime charged, the party charged, and the facts constituting the crime, and that is all that is required by the code as to certainty of averment. Code Proc., § 1236. No further allegations were necessary either to apprise the defendant of the character of the accusation, or to enable him to prepare his defense. Would the offense have been more clearly expressed, or more easily comprehended by the defendant, if it had been averred that the deceased was killed unlawfully, feloniously, and of malice aforethought, or if it had been stated that the deceased was a human being? Manifestly not. Besides, the word "unlawfully" is implied in the words which were used, and the word feloniously is merely suggestive of the punishment, which

is matter of law, and is unnecessary in a charge which follows the language of a statute in which it is not used. *Walts v. Territory, supra.*

It was never necessary to aver in an indictment for homicide that the person killed was a human being. Nor is it necessary to designate the part of the body upon which the alleged mortal wound was inflicted, and if alleged, it need not be strictly proved according to the allegation. *People v. King,* 27 Cal. 507; 87 Am. Dec. 95; Kerr on Hom., § 262. The allegation that the defendant killed the deceased is certainly in effect an averment that the latter died, and if the killing was done purposely and of deliberate and premeditated malice, then the statute declares the homicide to be murder in the first degree, and it was not necessary to allege that the defendant murdered the deceased. Indeed, such an averment would set forth a conclusion of law merely. It is not equivalent to an allegation that the defendant killed the deceased, and would, therefore, be an insufficient statement of the act constituting the crime charged. *Strickland v. State,* 19 Tex. App. 518; Kerr on Homicide, § 265. From a careful examination of the decisions of other courts, based upon statutes substantially like our own, we are convinced that the decision of this court sustaining the indictment in the *Freidrich* case, following that of the territorial supreme court in the *Timmerman* case, is abundantly supported by authority, and that it is sound in principle, and ought not to be overruled. *Peterson v. State,* 12 Tex. App. 650; *Rogers v. State,* 50 Ala. 102; *Noles v. State,* 24 Ala. 672; *People v. Murphy,* 39 Cal. 52; *People v. Cronin,* 34 Cal. 191.

We perceive no error in the ruling of the trial court upon the motion in arrest of judgment. The judgment and sentence is affirmed and the cause remanded to the court below, with directions to proceed to appoint a day for the carrying of its sentence into effect according to law.

SCOTT, HOYT, STILES and DUNBAR, JJ., concur.