[No. 3637. Decided March 22, 1901.]

WASHINGTON BANK OF WALLA WALLA, *Appellant,* v. G. HORN, *Respondent.*

DISMISSAL OF ACTION FOR FAILURE TO FILE COMPLAINT — RULES OF COURT — PRESUMPTIONS.

The presumption that the trial court acted regularly and upon sufficient cause, in dismissing an action without prejudice, because of plaintiff's failure to file his complaint, is not overcome by the fact that twenty-four hours' notice was not given plaintiff, as required by a rule of the court, since the court has the right, for good reasons, to suspend its own rules.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Affirmed.

*R. J. Neergaard* (*S. J. Chadwick* and *William J. Bryant,* of counsel), for appellant.

*J. F. Fisk,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant had commenced an action in the superior court of Whitman county on September 15, 1898. The summons was served, and on March 16, 1899, defendant answered. On the 29th day of December, 1899, the respondent noticed the cause for hearing on motion for default, and the appellant was served with notice and appeared. The notice was as follows:

"Comes now the defendant G. Horn and moves the court that he have judgment by default in the above entitled action, for the reason that no motion, demurrer or reply was served upon him by the said plaintiff or its attorneys during the time provided by the laws of the state of Washington, and the rules of this court.
(Signed)     J. F. Fisk,
Attorney for Defendant G. Horn."

On the 29th day of December, at the hour of two o'clock p. m., the following entry appears:

"Now on this day this cause coming on to be heard on defendant's motion for default, plaintiff appearing by R. J. Neergaard and the defendant appearing by J. F. Fisk, it appearing to the court that the complaint in this action has never been filed, it is ordered that the complaint be filed immediately. Upon failure to so file his complaint as ordered by the court, it is further ordered that the cause be and the same is hereby dismissed without prejudice."

To which ruling of the court the plaintiff excepted. It is contended by the appellant that this was an arbitrary action on the part of the court; that he was entitled to twenty-

four hours to file the complaint, under rule 8 of the superior court of Whitman county, which is as follows:

"Should any person refuse or neglect to file any original paper in his possession within twenty-four hours after an order of the court to file the same has been served upon him, the court will hear said cause, disregarding all and any papers not filed and grant such relief as may be proper in the premises."

And it is insisted by the appellant that he was misled by his reliance upon this rule. But this being a rule of the court, the court, for good reasons, would have a right to suspend it. There is no statement of facts filed in this case, and it does not appear that the appellant asked for further time to file the complaint, or offered any excuse for not complying with the order of the court. In fact, the only showing that there was any offer to file the complaint at all is the following indorsement upon the complaint immediately following the jurat, viz: "Indorsed No. 7595, and with the title of the court and cause and filed in the office of the clerk of the superior court this 30th day of December, 1899, at 11:17 a. m. W. W. Renfrew, Clerk." In the absence of any showing to the contrary, this court cannot presume that the trial court acted illegally or arbitrarily. But the presumption attaches that the court acted regularly, and that there was sufficient appeared at the time the court made the order dismissing the case to justify his action. If some of the matters which are argued in the brief appeared in the record, a different conclusion might possibly be reached; but, as the record stands, the judgment must be affirmed, and it is so ordered.

REAVIS, C. J., and ANDERS and FULLERTON, JJ., concur.