[No. 7325. Decided December 18, 1908.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES FILLPOT, *Appellant.*[1]

HOMICIDE—MURDER IN THE FIRST DEGREE—INDICTMENT—DUPLICITY —STATUTES—CONSTRUCTION. Under Bal. Code, § 7035, making it murder in the first degree to kill another purposely and of deliberate and premeditated malice, or in the perpetration or attempt to perpetrate any rape, arson, robbery or burglary, an information is not bad for duplicity in alleging, in the language of the statute, a killing, purposely and of deliberate and premeditated malice and while engaged in the perpetration and attempt to perpetrate the crimes of robbery and burglary; in view of Bal. Code, § 6800, abolishing all forms of pleading, and § 6850, providing that no information shall be deemed insufficient if the crime is set forth in ordinary language in such a manner that a person of ordinary understanding may know what was intended.

SAME—INFORMATION—DEFINITENESS. Under Bal. Code, § 7035, making it murder in the first degree to kill another while in the perpetration or attempt to perpetrate a rape, arson, robbery, burglary, etc., it is not necessary to state the details of the acts included

[1]Reported in 98 Pac. 659.

in the crimes of robbery and burglary alleged, but it is sufficient to allege the perpetration or attempt to commit any of the included crimes in the language of the statute.

SAME—EVIDENCE—OF VENUE—SUFFICIENCY. Where there was circumstantial evidence sufficient to justify the jury in finding that the deceased, who was last seen alive in Spokane county, had been killed in that county and his body thrown into a river forming the boundary line and had floated down and lodged on the other side of the river, in Stevens county, the fact that the body was found in Stevens county would not show want of jurisdiction in the superior court of Spokane county, or that the crime had been committed in Stevens county.

CRIMINAL LAW—EVIDENCE—EXHIBITS—SAMPLES OF HANDWRITING —GENUINENESS—COMPETENCY. Where the accused denied the writing of a note tacked upon the cabin of the deceased the morning after he was last seen alive, samples of the accused's handwriting, identified by competent evidence of their genuineness, are admissible in evidence as exhibits for comparison by experts, although the accused did not himself admit their genuineness on the stand.

CRIMINAL LAW—APPEAL—EXCEPTIONS. Error cannot be assigned on failing to grant a motion to view premises in a prosecution for a homicide, when the court delayed ruling "until later in the case," no exception was then taken, and the motion was not renewed, nor anything further done except the noting of an exception after the jury was instructed and had retired.

SAME. Error cannot be assigned upon instructions that were not properly excepted to.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered January 30, 1907, upon a trial and conviction of murder in the first degree. Affirmed.

*John L. Wiley* and *H. Maxwell Brooks*, for appellant.

*R. M. Barnhart* and *Fred C. Pugh* (*A. J. Laughon*, of counsel), for respondent.

CROW, J.—The defendant, Charles Fillpot, having been charged with murder in the first degree and convicted, judgment and sentence of death were entered, and he has appealed.

The appellant contends that the trial court erred, in denying his motion to quash the information, in permitting the

introduction of evidence, and in overruling his motion in arrest of judgment. The information charges as follows:

"Comes now the prosecuting attorney and charges said defendant as follows: That said defendant, Charles Fillpot, alias Charles Williams, alias Will Myers, alias Will Dodson, on or about the 28th day of March, A. D. 1906, in the county of Spokane and state of Washington, purposely and of his deliberate and premeditated malice and while engaged in the perpetration and attempt to perpetrate the crimes of robbery and burglary, killed N. M. Cole by then and there purposely and of his deliberate and premeditated malice, beating and mortally wounding said Cole in some way and manner to the prosecuting attorney unknown."

In support of the above assignments of error, upon which he seems to base his main reliance for a reversal, the appellant contends that the facts stated do not constitute the crime of murder in the first degree, or any other crime; that the allegations are obscure and indefinite, and that the information attempts to plead four distinct causes of action improperly joined, to wit: (1) The commission of murder in the first degree by premeditated killing and malice; (2) the commission of murder in the first degree by a killing in connection with the crimes of robbery and burglary without pleading the facts constituting the latter crimes; (3) the commission of robbery without pleading the facts constituting that crime; and (4) the commission of burglary without pleading the facts constituting that crime. Bal. Code, § 7035 (P. C. § 1554), defines murder in the first degree as follows:

"Every person who shall purposely, and of deliberate and premeditated malice, or in the perpetration, or attempt to perpetrate, any rape, arson, robbery, or burglary, or by administering poison, or causing the same to be done, kill another, shall be deemed guilty of murder in the first degree, . . . "

The information not only charges the appellant with having killed N. M. Cole, purposely and of deliberate and premeditated malice, which would be murder in the first degree,

15—51 WASH.

but also charges that he purposely killed Cole while he, the
appellant, was engaged in the perpetration and attempt to
perpetrate the crimes of robbery and burglary, which would
also be murder in the first degree.   The appellant concedes
that proof of purposely killing while perpetrating or attempt-
ing to perpetrate the crimes of robbery and burglary with-
out any evidence of premeditation or malice would sustain the
charge of murder in the first degree, but insists, that the com-
mission, or attempt to commit, the included crimes of robbery
and burglary is made the basis of the charge of murder in
the first degree in this case; that the clause of the information
charging such included offenses is an important one, as it
relieves the state from the necessity of proving premeditation
and malice; that the state should therefore be required to
fully plead all the facts constituting such included offenses;
that the use of the language of the statute in pleading them
is insufficient, and that the information is not only bad for
duplicity under Bal. Code, §6844 (P. C. §2097), but that
it is also otherwise insufficient in law.

In support of these contentions, appellant cites numerous
authorities from other jurisdictions, based upon common law
rules.   We do not deem it necessary to discuss these citations,
as the strict rules of common law pleading do not obtain in
this state.   In· passing upon the sufficiency of this informa-
tion, we must measure it by the requirements of our own
statutes.   By Bal. Code, § 6800 (P. C. § 2091), all forms
of pleading in criminal actions heretofore existing are abol-
ished in this state, while Bal. Code, § 6850 (P. C. § 2103),
provides that an information shall be sufficient if it can
be understood therefrom . . .

"(6)   That the act or omission charged as the crime is
clearly and distinctly set forth in ordinary and concise lan-
guage, without repetition, and in such a manner as to en-
able a person of common understanding to know what is
intended, . . . "

In *State v. Day,* 4 Wash. 104, 29 Pac. 984, this court,

in passing on the sufficiency of an information, and in discussing these sections, said:

"The ancient forms and technicalities of the common law, which subserved no purpose except to embarrass and impede the administration of justice, have been wisely discarded, and we now have a system of criminal pleading which neither disregards any of the substantial rights of the accused, nor permits him to shield himself from just punishment by requiring the insertion in the indictment or information of allegations in nowise necessary to inform him of the 'nature and cause of the accusation against him,' but which under the old system were necessary to be alleged and proved, or an acquittal would result, though the fact of guilt were otherwise manifest. Under our statute an indictment or information is sufficient if it can be understood therefrom that the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

See, also, *State v. Womack*, 4 Wash. 19, 29 Pac. 939; *State v. Turner*, 10 Wash. 94, 38 Pac. 864.

Although the information in *State v. Day, supra*, which charged the crime of murder in the first degree, did not charge the defendant with purposely killing while engaged in the perpetration, or attempt to perpetrate, one or more of the included crimes mentioned in the statute, yet we think the liberal rules of pleading announced in the opinion of this court in that case should be applied when we come to a consideration of the sufficiency of the information now before us. It is apparent that it charges but one crime, that of murder in the first degree. While it is true that the statute specifies more than one way in which that crime may be committed, and although the information following its language alleges that the appellant killed N. M. Cole purposely and of his deliberate and premeditated malice, and while engaged in the perpetration or attempt to perpetrate the crimes of robbery and burglary, yet the act of killing as charged constitutes but a single offense. The informa-

tion is not bad for duplicity. *State v. Adams*, 41 Wash. 552, 83 Pac. 1108.

Neither is the information defective because it fails to set forth in detail acts constituting the included crimes of robbery and burglary. The appellant is charged with the crime of murder as defined by the statute, which, in addition to stating the common law elements of that crime, also states that a homicide committed while the accused is perpetrating, or attempting to perpetrate, certain felonies, two of which are robbery and burglary, shall also be murder in the first degree. The crimes of robbery and burglary and the term "attempt" are elsewhere defined in the criminal code. These words "robbery," "burglary," and "attempt," as used in the statute, Bal. Code, § 7035 (P. C. § 1554), defining the substantive offense of murder in the first degree, have, therefore, a well-defined and legal meaning, and it is sufficient, in drawing an information charging murder in the first degree, to plead the perpetration or attempt to perpetrate such included crimes in the language of the statute, and when so drawn the information is certainly a sufficient compliance with the requirements of Bal. Code, § 6850 (P. C. § 2103), in that it enables a person of ordinary understanding to know what is intended. *State v. Levan*, 23 Wash. 547, 63 Pac. 202. In reading the information before us, it is impossible to see how the appellant could be misled, or how he could fail to understand the exact nature of the charge preferred against him. The motion to quash the information was properly denied.

The information charges appellant with the commission of the crime of murder in Spokane county, but the dead body of N. M. Cole was found in Stevens county. By reason of this fact, appellant further contends, in support of his motion in arrest of judgment, that the superior court of Spokane county was without jurisdiction, the state having failed to show that the crime was committed in Spokane county. Without entering upon a detailed discussion of the

evidence, which was circumstantial, it will be sufficient to state that Cole was last seen alive in Spokane county, near his home, located close to a river which was the boundary line between the two counties, and that there was evidence sufficient to justify the jury in finding that he had been killed in Spokane county, that his body had been thrown into the river, that it had floated down the stream to a point where it lodged among some sawlogs on the Stevens county side, and that it was found there some weeks later.

Appellant further contends that the trial court erred in overruling his objections to certain expressions used by the prosecuting attorney in making his opening statement to the jury. We fail to see anything prejudicial or improper in the statements of which complaint is made.

The trial court, over appellant's objection, admitted in evidence certain exhibits, which were samples of the appellant's handwriting, and were admitted for the purpose of comparison with the handwriting in plaintiff's exhibit "B," a brief note found tacked upon Cole's cabin door the morning after he was last seen alive, and which exhibit "B" the state contended had been written by appellant. The appellant now contends that the trial court erred in admitting these exhibits, insisting that their genuineness was neither admitted nor proven. An examination of the record shows that all the exhibits introduced as samples of appellant's handwriting were positively identified as such, appellant himself having previously admitted the genuineness of a portion of them to witnesses who testified to his statements, and it also appearing that he had written the others in the presence of witnesses who testified to that fact. The appellant did not offer himself as a witness and admit on the trial that the exhibits were in his handwriting, but it does not follow from that fact that their genuineness could not be proven by other competent evidence. Such proof was made, and it was therefore proper to admit them for comparison by experts with exhibit "B," the writing of which the appellant

had denied. *Moore v. Palmer*, 14 Wash. 134, 44 Pac. 142.

Appellant further contends that the trial court erred in failing, until the close of the trial, to pass upon his motion for a jury view of certain premises, concerning which evidence had been admitted, and then denying such motion. The record shows the following:

"Mr. Brooks (attorney for appellant): If the court pleases, it is nearing the closing hour and I move that we adjourn until this afternoon and I make a motion that the jury be taken to view these premises of the Fillpot and Graetz places, and also that the jury be taken to view the Cole ranch, the Gannon ranch, and that locality around the Nine Mile bridge. Mr. Barnhart (prosecuting attorney): Before that is done it ought to be shown there is some occasion for it, something to be gained by anything of that character. The Court: I will rule on this motion later in the case."

No exception was then taken to this action of the court. The trial continued for several days thereafter, but the motion was not again urged, nor was anything further said on the subject until after the jury had been instructed and had retired to deliberate on their verdict; then the appellant's attorney made the following statement:

"Mr. Brooks: I just ask that an exception be noted to the instructions offered by the defendant and not given by the court to the jury, and I further want to make an exception to the fact that the motion asking for a jury view was not given; was not denied in any way. I ask for an exception to that."

In the absence of a timely renewal of the motion and an adverse ruling thereon, and in view of the fact that the granting of the request rested largely within the discretion of the trial court, we find no merit in this contention. *State v. Hunter*, 18 Wash. 670, 52 Pac. 247.

Several assignments of error are based upon certain instructions given to the jury by the trial court. These instructions are not properly before us for consideration, as

no proper exceptions thereto were taken by the appellant.

Appellant also contends that the trial court erred in over-ruling his motion for a directed verdict at the close of the state's case, and in overruling his motion for a new trial. Under these assignments, he insists that the evidence was not sufficient to show the *corpus delicti* or to support the verdict of the jury. The evidence in this case, which is entirely circumstantial, is voluminous, covering over eight hundred pages of the record. It is impossible for us to fully state and discuss it within the scope of an opinion of reasonable length. We have carefully read and considered the entire record and conclude that the evidence is amply sufficient to sustain the verdict of conviction. In fact, it is so overwhelming and convincing that we fail to see how any other verdict could have been reached by the jury. After a careful and exhaustive examination of the entire record, and all assignments of error presented, we are convinced that the appellant has been accorded a fair trial, that he has been ably defended, and that the verdict of the jury should be sustained. The judgment is affirmed.

HADLEY, C. J., MOUNT, and DUNBAR, JJ., concur.

RUDKIN, FULLERTON, and CHADWICK, JJ., took no part.