## SUPREME COURT — EXTRAORDINARY TRIAL TERM — NEW YORK COUNTY.

### February, 1918.

### THE PEOPLE v. JOHN J. ROGERS.

(102 Misc. 437.)

INDICTMENT—VERDICT—TRIAL—EVIDENCE—CRIMINAL LAW—JURY.

The only fact necessarily determined in the defendant's favor by a verdict of not guilty is that the evidence before the jury was insufficient to prove beyond a reasonable doubt his guilt of the crime charged by the indictment; it is not an acquittal of the crime.

A verdict of not guilty rendered upon the trial of an indictment charging the defendant with robbery in the first degree by taking certain personal property from "Alexander Gelber" in the night-time of a certain day is not *res adjudicata* upon the trial of an indictment charging him with an attempt to commit robbery in the first degree from "Samuel Gelber" at the same time and place.

MOTION in arrest of judgment.

*Edward Swann, District Attorney (George F. Turner, Deputy Assistant District Attorney, of counsel), for People.*

*W. Bourke Cockran, for defendant.*

GOFF, J.:

The defendant was convicted of the crime of attempt to commit robbery in the first degree. When arraigned for sentence he interposed a motion in arrest of judgment based on two grounds. " *First,* that in the Court of General Sessions he was tried on an indictment charging the same offense and was acquitted thereof, and, *second,* that the facts determined in his

favor on the former trial are identical with those submitted to the jury on this the second trial and being therefore *res judicata* are in law conclusive evidence of his innocence." At the trial the defendant was allowed to amend his plea of not guilty by adding to it the plea of former jeopardy. On this plea and on the contentions of the motion under consideration the only evidence before the court was contained in an agreed state of facts which in form contained verbal non-essentials, but which in substance and essentials stated that on the 19th of February, 1917, two indictments were found against the defendant charging him with two crimes. Indictment No. 114108 charged that in the night-time of January 27, 1917, he committed the crime of robbery in the first degree by taking certain personal property from one Alexander Gelber, and indictment No. 114109 charged that on the same day he committed the crime of attempt to commit robbery in the first degree by attempting to take property from the person of Samuel Gelber. The indictment charging robbery in the first degree was tried in the Court of General Sessions and the defendant was found not guilty. Herein were contained all the facts bearing upon the plea of former jeopardy and on the motion now before the court. It should be stated, however, that it appeared from the evidence in this case that the robbery and attempt to commit robbery were alleged to have been committed at the same time and place upon Alexander Gelber and Samuel Gelber, respectively.

The plea of former jeopardy was overruled at the trial, and the motion on that ground is now denied. That leaves only for consideration the second ground of the motion, and on that ground it is urged that " all matters of fact which necessarily must have been determined in his favor by the jury that acquitted him are *res judicata* and as such they constitute conclusive evidence of his innocence." At the threshold of inquiry it should be borne in mind that the verdict of the jury was not acquittal of the crime; it was that the evidence before the jury

.was insufficient to prove defendant guilty beyond a reasonable doubt. This was the fact necessarily determined in defendant's favor and no other fact. The two indictments did not charge the same crime. The indictment tried in the Court of General Sessions on which defendant was found not guilty charged the crime of robbery from the person of Alexander Gelber, while the indictment tried in this court, on which defendant was found guilty, charged an attempt to commit the crime of robbery from the person of Samuel Gelber. Each indictment was an accusation of a separate and substantive crime (Penal Law, §§ 2120, 260-261) for which separate and distinct punishment is prescribed (Id., § 2125, subd. 2; § 261) and which was not interdependent upon the same testimony. In order to convict of robbery in first degree, proof of two essentials was required: (1) That the defendant, by the use of force or fear, unlawfully took personal property from the person of Alexander Gelber, and (2) that he was at the time armed with a dangerous weapon or aided by an accomplice actually present, or that he had inflicted grievous bodily harm or injury upon Gelber. (Id., § 2124.) It is contended that defendant on the trial for robbery introduced testimony to support his claim of alibi, that a question of fact was thereby raised, that the verdict of the jury was conclusive on that question and that it follows that if the first jury decided that he was not present the second jury was precluded from finding that he was. On its face this contention appears to be sound, but underlying it is a fallacy which destroys its force, and that is an assumption that the jury believed the testimony relating to the alibi and upon it based their verdict. Such assumption has no foundation in fact and rests wholly on argumentative inference. Of itself the verdict spoke but one thing, that defendant was not guilty. On what evidence or lack of evidence it was based it is legally impossible to say. To the argument that it was based upon the alibi it may with equal force be argued that it was based on the failure of proof

of either or both essentials of the crime and that the testimony in support of an alibi was either ignored or disbelieved. The issue was whether the defendant committed the robbery. The facts alleged were component of the issue and necessarily required proof. If this proof failed to convince the jury they would have to answer not guilty, and this even though defendant did not offer testimony. If he did offer testimony the issue thereby was not altered or enlarged. When he offered testimony of an alibi it was not necessary to the determination of the issue already framed; it was simply competent as relevant to the issue, but it was not necessary to its determination any more than if he took the witness stand and denied any or all of the acts alleged to have composed the crime. For instance, if he testified that he took property from the person of Gelber, but did not use force or violence, or fear, and the jury believed him, they could have convicted him of larceny, but they would have had to find him not guilty on the charge of robbery. This testimony, like that relating to the alibi, would not have been necessary to the determination of the issue, but would have been competent as relative to the issue. Had the defendant been found guilty, it would have been an adjudication that all the necessary component facts of the crime had been proven beyond a reasonable doubt and consequently would have been a bar to prosecution for the same crime. It does not follow, however, that a verdict of not guilty was an adjudication upon any or all matters set up as defense for the reason stated that such matters were not necessary to the determination of the main question of fact — was the defendant guilty?

A confusion of terms in defendant's reasoning leads irresistibly to a confounding of identity of issue with identity of person, whereas they are distinct and separate. One is inclusive of all things necessary to a conviction; the other is exclusive of all things but personality. The proposition advanced is that because defendant was found not guilty on the trial of an

indictment charging him with robbery from Alexander Gelber he cannot be found guilty of an attempt to commit robbery from Samuel Gelber at the same time and place. Here were two distinct crimes charged to have been respectively committed upon two individuals, and the mere fact that the robbery was alleged and the attempt to commit robbery was proved to have occurred at the same time and place did not merge the two crimes, but each maintained its distinctive character and requirements of proof of guilt. There was on the trial of each indictment an issue to be determined distinct from that to be determined in the other indictment, and neither determination depended exclusively upon the evidential force necessary to support the other. Consequently there could not be identity of issue, and the judgment on one indictment cannot be invoked as a bar to the judgment on the other.

In Black on Judgments the learned author states that "a judgment is conclusive by way of estoppel only as to facts without the existence and proof or admission of which it could not have been rendered. In other words, it is conclusive evidence of whatever it was necessary for the jury to have found in order to warrant the verdict in the former action, and no further." (2 Black Judg., § 615.)

In Rudd v. Cornell (171 N. Y. 114) it was held that "a judgment is conclusive in a second action only when the same question was at issue in a former suit * * * and that the conclusive character of a judgment extends only to the precise issues which were tried in the former action * * * and the party seeking to avail himself of a former judgment must show affirmatively that the question involved in the second action was material and actually determined in the former, as a former judgment will not operate as an estoppel as to immaterial or unessential facts, even though put in issue and directly decided." This case is the controlling authority in this State and harmonizes in principle with Burlen v. Shannon (99 Mass.

200), which is regarded as the leading case on the subject. As interesting as it is dangerous is the brief of the learned counsel for the defendant — dangerous in that if the premise that the defense of alibi was an essential issue, and was therefore passed upon by the jury be conceded, the conclusion that it is *res judicata* is irresistible, but, as has already been pointed out, the premise is fallacious, since the alibi was not an essential issue, and therefore, even if passed upon by the jury, could not have been determinative of the issue. Of the numerous authorities cited on the defendant's brief one will be noted as illustrative of erroneous deduction: "A test which is of almost universal application is whether the facts required to support the second indictment would have been sufficient if proved to have procured a conviction under the first indictment. If they would be, the offenses are identical." (17 Am. & Eng. Ency. of Law [2d ed.], 597.) To commit robbery of one man as laid in the second indictment would not have been sufficient to convict of robbery of another man as laid in the first indictment.

On the facts and the law applicable thereto I rule on the first ground of motion that the defendant was not in the Court of General Sessions tried and acquitted on an indictment charging the same offense as that tried in the Supreme Court, and on the second ground that the facts determined in his favor on that trial were not identical with the facts on which he was convicted on this trial, and therefore were not *res judicata*. Motion in arrest of judgment denied.

Motion denied.