[No. 28147. Department Two. December 19, 1940.]

THE STATE OF WASHINGTON, *Respondent,* v. OSCAR
HARRISON, *Appellant.*[1]

*Connelly & Close,* for appellant.

*C. C. Quackenbush* and *J. J. Lally,* for respondent.

SIMPSON, J.—Defendant was charged by information
with the crime of larceny. The amended information
upon which defendant was tried stated:

"Comes now the Prosecuting Attorney in and for
Spokane County, Washington, and charges the de-
fendant, Oscar Harrison, with the crime of Grand
Larceny, committed as follows:

"That the said defendant, Oscar Harrison, in the
County of Spokane, State of Washington, on or about
the 23rd day of October, 1939, then and there being,
did then and there willfully, unlawfully and felon-
iously, with intent to deprive and defraud the owner
thereof, obtain from Herbert Seimer, agent and servant
of the Travis Hardware Company, personal property,
to-wit: one Hilco floor sanding machine, serial No.
193596, of the value of One Hundred Dollars ($100.00)

[1]Reported in 108 P. (2d) 327.

and the property of and belonging to the Travis Hardware Company, by color and aid of certain false representations, impersonations and pretenses, to-wit: by then and there representing and pretending that he was a certain other person named Pete Johnson, residing at North 4027 Adams Street, Spokane, Washington, and the said Herbert Seimer, relying upon said false representations, impersonations and pretenses, turned over said property to said defendant, Oscar Harrison; and said defendant, Oscar Harrison, did then and there receive and obtain said personal property, to-wit: one Hilco Floor sanding machine, serial No. 193596, of the value of One Hundred Dollars ($100.00) and the property of and belonging to the Travis Hardware Company, with the understanding and agreement then and there had between the said Herbert Seimer and the said defendant, Oscar Harrison, that he, the said defendant, Oscar Harrison, would safely hold, keep and preserve said personal property for said owner thereof, as bailee and trustee thereof; and the said defendant, Oscar Harrison, having then and there received and obtained said personal property, as aforesaid, did then and there willfully unlawfully and feloniously, with intent to deprive and defraud the owner thereof, secrete, withhold and appropriate said personal property to his own use."

Defendant demurred to the amended information upon the grounds that it did not substantially conform to the requirements of the code, that more than one crime was charged, that the facts charged did not constitute a crime, and that it contained matters which, if true, would constitute a defense or other legal bar to the action.

The jury returned the verdict of guilty. A motion for a new trial having been made and overruled, judgment and sentence were entered. After the verdict had been returned, defendant made his motion in arrest of judgment or, in the alternative, for a new trial, upon the ground "that the facts, *as stated in the in-*

*dictment,* do not constitute a crime or misdemeanor." The court denied the motion. Defendant appeals.

The assignments of error are, first, that the trial court erred in overruling appellant's demurrer to the amended information and second, in denying appellant's motion in arrest of judgment.

■ ■ Under his assignments of error, appellant urges that the information is duplicitous, in that it charges him with the crime of larceny of a sanding machine on October 23, 1939, by false representations, impersonations, and pretense, with intent to deprive the owner of its use and possession, and also charges the same defendant with the crime of embezzlement of the same machine by "having then and there received and obtained said personal property" as bailee or trustee with intent to deprive and defraud the owner thereof.

The contention requires no extensive consideration, for the reason that the question presented has been definitely answered by this court in *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014. An examination of the information considered in that case and set out in the opinion discloses that it is essentially like the one we have before us.

In the cited case, this court stated:

"The information charges the crime with which the defendant is charged, with having been committed in two of the ways specified in the statute, (1) by color and aid of false and fraudulent representations, and (2) by a bailee or trustee. Does this manner of charging the crime conform to the legislative enactments? The general rule is that, where a single offense may be committed in different ways or by different means, it may be charged in the information to have been committed by more than one of the ways or means, provided the ways or means charged be not repugnant to each other. In *State v. O'Neil,* 51 Kan. 651, 33 Pac. 287, 24 L. R. A. 555, it is said, quoting from Bishop's Criminal Procedure:

" 'We have seen that, if an offense may be committed by different means, and the pleader doubts which was employed in the particular instance, he may in one count charge its commission by all, and proof of any one will sustain the allegation. The limit to this doctrine is, that the means must not be repugnant.'

"To the same effect see 22 Cyc. 379, and cases there cited.

"The varying ways by which a crime may be committed are not repugnant to each other unless the proof of one will disprove the other. The defendant here was charged with having committed the crime of larceny by color and aid of false pretenses, and also as bailee or trustee. The proof that the crime was committed by color and aid would not necessarily be inconsistent with proof that, under an agreement with the parties subsequently made, the defendant became a bailee or trustee. Neither would proof that tended to establish that the alleged crime had been committed by a bailee or trustee necessarily disprove a charge that the possession of the property had been originally obtained by color and aid of false or fraudulent pretenses."

For cases of like import, see *State v. Fillpot,* 51 Wash. 223, 98 Pac. 659; *State v. Wappenstein,* 67 Wash. 502, 129 Pac. 989; *State v. Klein,* 94 Wash. 212, 162 Pac. 52; *State v. Mayer,* 154 Wash. 667, 283 Pac. 195; *State v. Miller,* 164 Wash. 441, 2 P. (2d) 738; and *State v. Rooney,* 2 Wn. (2d) 17, 97 P. (2d) 156.

Appellant contends that the case of *State v. Smith,* 2 Wn. (2d) 118, 98 P. (2d) 647, recognizes the fact that the essential elements of the crime of embezzlement under Rem. Rev. Stat., § 2601 [P. C. § 8944], subd. (3), are wholly distinct and separate from the essential elements of the crime of larceny defined by Rem. Rev. Stat., § 2601 [P. C. § 8944], subd. (1); and, for that reason, the information of this case violates the rule relative to charging two crimes in a single count in an information. A reading of that case, however, discloses

that the distinction applied where the defendant was charged with one offense under one section of the statute and the evidence disclosed the violation of the provisions of another section of the same statute, with the violation of which the defendant was not charged. The case is not in point and has no application to the question presented here.

The information in the case at bar does not charge the appellant with the commission of two crimes, but does charge that one crime was committed in different ways.

We find no error and accordingly affirm the judgment.

BLAKE, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.