| 11 | 239 |
| 79 | 751 |

## The State of Iowa v. Malling.

1. APPLICATION FOR CHANGE OF VENUE. The Supreme Court will not reverse a ruling of the court below upon an application for a change of venue, when the evidence offered in support of the application does not appear in the record.

2. INSTRUCTION: INFORMATION. The defendant, on the trial of an information wherein he was charged with five distinct offenses of selling intoxicating liquors, in as many counts, asked the court to instruct the jury, that to find him guilty as charged in each count, they must find that he sold to the person, and at the time, as therein charged. *Held*, that because of the restriction as to time, the instruction was properly refused.

3. FORM OF JUDGMENT. When a defendant was tried on an information charging five distinct offenses in as many counts, and was found guilty as to the first four counts; a judgment on the verdict fining him in "the sum of twenty dollars on each of the counts numbered, one, two, three and four, as found by the jury," was sufficiently formal.

4. SECOND TRIAL FOR THE SAME OFFENSE. A defendant who appeals from a judgment of a justice of the peace finding him guilty of the offense charged in one of several counts of an information, while he is acquitted as the other counts, can be subjected in the District Court to a trial only upon the count upon which he was convicted.

5. SAME. But when he is found guilty of the offense as charged in the information, and fined as for but one offense, without being acquitted

specifically as to any count, he may, on appeal to the District Court, be tried and convicted as all of the counts.

### Appeal from Henry District Court.

#### WEDNESDAY, DECEMBER 5.

· THE defendant was tried before a justice of the peace on an information charging five distinct offenses of selling intoxicating liquors, in as many counts; was found guilty "as charged in the information," and fined $20. From this judgment he appealed to the District Court. On the trial, the jury returned a verdict of guilty, as charged in the first four counts of the information. 'Upon this verdict the court entered judgment as follows: "That the said defendant be fined in the sum of twenty dollars on each of the counts numbered one, two, three and four, as found by the jury; and that he pay the costs of prosecution and stand committed until the fine and costs are paid.

*Hall, Harrington & Hall* for the appellant.

*S. A. Rice*, Attorney General, for the State.

· WRIGHT, J.—I. We are not prepared to say that the court below erred in overruling the application of defendant for a change of venue. In the first place if we assume that all the evidence produced on the hearing of said application is before us, we are by no means prepared to conclude that the court did not, in the language of the law, decide "according to the very right of the matter." (Laws of 1857, Ch. 227, section 2.) But in the second place, we are not informed by bill of exceptions or otherwise, that all the evidence produced is before us, and can not, therefore, tell whether the discretion reposed was or was not abused.

II. Defendant was charged before a justice of the peace, with selling intoxicating liquor. The information charges five distinct offenses, in as many different counts; in selling

liquor, on different days, to as many different persons. Each count charges the sale to a person named and to divers other persons to the informant unknown. Before the justice, the defendant was found "guilty as charged in the information," and fined twenty dollars. He appealed to the District Court and was found guilty on four of the counts, and fined twenty dollars for each offense. On the trial he asked the court to charge the jury that, to find him guilty as charged in each count, they must find that he sold to the person and *at the time* as therein charged. This instruction was refused, and this refusal is now assigned as error. In this there was no error. The instruction confines the prosecution to the proof of *time, or the day*, of the commission of the offense, in a manner not warranted by the authorities. If the instruction was not otherwise objectionable, this feature justified its refusal.

III. That the form of judgment was not improper, we refer to *Wrockledge* v. *The State*, 1 Iowa, 167.

IV. It is insisted that, as the defendant before the justice was found guilty generally, without specifying upon which count, and fined but twenty dollars, it was not competent for the District Court to try and convict him for more than one offense. If it appeared that he was *acquitted* before the justice of any one or more of the charges, it would be true that upon his appeal from the conviction had against him upon others, he could not be tried except upon those from which he appealed. It was the duty of the justice, under the law, to have examined into and passed upon defendant's guilt or innocence as to each one of the charges, and to punish him, if found guilty, upon each count, in the same manner as if he had been charged in separate informations. Instead of doing this, however, it seems there was a general finding of guilty and a fine entered up as for one general offense. And if in this respect the magistrate failed to discharge his legal duty, it was still competent for the District Court, upon

the appeal, to execute the law and to convict the defendant, if the proof so warranted, for each violation. The appeal brought up the case for trial as upon an issue of fact under an indictment in the District Court, (Acts of 1857, Ch. 190, section 6,) and there being no judgment of acquittal as to either count before the justice, the defendant was properly put upon his trial *de novo* upon all the counts.

V. The objection that the defendant was tried for more than one offense "at the same time and upon the same information," was made at no time in the court below, either by motion in arrest, or otherwise, and is therefore not considered by us.

Judgment affirmed.