THE STATE, *Appellant*, v. BRUFFEY.

| 75 | 389 |
|-----|-----|
| 162 | 224 |

**Burglary and Larceny**: INDICTMENT IN ONE COUNT: AUTERFOIS ACQUIT. Where a defendant indicted for burglary and larceny in one count, as permitted by the statute, is acquitted of one and convicted of the other, the acquittal is conclusive upon that branch of the charge. If the conviction be afterward set aside, a new trial will be ordered only upon the other branch. R. S. 1879, § 1301.

---

*These syllabi are taken from 5 Mo. App. 173, where the case is reported *sub nom. Relfe, Superintendent, etc., v. Commercial Insurance Co.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*D. H. McIntyre,* Attorney General, for the State.

The old rule as laid down in *State v. Ross,* 29 Mo. 32, and *State v. Smith,* 53 Mo. 139, has been changed by the constitution of 1875. Art. 2, § 23. Now, when judgment in a criminal case is arrested for error at law, the trial is to be regarded as a mis-trial, and when remanded the whole case is to be tried anew. *State v. Simms,* 71 Mo. 538. So it is held elsewhere. *State v. Stanton,* 1 Ired. 424 ; *State v. Commissioners,* 3 Hill (S. C.) 239 ; *Lesslie v. State,* 18 Ohio St. 390. The granting of a new trial has the same legal effect as a reversal and remanding of the case, and the party accused stands precisely in the same position as if there had been no trial. *Ex parte Bradley,* 48 Ind. 556. The defendant by asking for a new trial waives all constitutional rights and asks that the whole verdict may be set aside. The verdict is an entirety. It cannot be separated and a part be set aside and a part sustained by this motion. *People v. March,* 6 Cal. 543 ; *People v. Olwell,* 28 Cal. 456 ; *State v. Redman,* 17 Iowa 329 ; *State v. Knouse,* 33 Iowa 365 ; *State v. Morris,* 1 Blackf. 37.

*F. D. Turner* for respondent.

Burglary and larceny are two separate and distinct offenses, and may be charged in the same or separate counts of the same indictment. *State v. Alexander,* 56 Mo. 131 ; Rev. Stat., § 1301. Offenses of equal grade cannot merge, and, therefore, the doctrine of merger cannot apply, if both are felonies or both misdemeanors. 1 Wharton A. C. L., § 564; 2 Bouvier Law Dict., 175 ; 2 Russell on Crimes, 433. Burglary and grand larceny being under the provisions of the Revised Statutes, distinct felonies of the same grade, and subject to the same nature of punishment,

are not subject to the doctrine of merger, and the acquittal of the burglary expunged that charge from the indictment. *Bell v. State*, 48 Ala. 685; *Campbell v. State*, 9 Yerg. 333; *Jones v. State*, 13 Texas 184; *Swinney v. State*, 8 Sm. & M. 585; *Esmon v. State*, 1 Swan 14; *Shepherd v. People*, 25 N. Y. 416; *State v. Tweedy*, 11 Iowa 350; *State v. Martin*, 30 Wis. 216; *People v. Gillmore*, 4 Cal. 376; *Lithgow v. Com.*, 2 Va. Cases 311; *State v. Kittle*, 2 Tyler 471; 1 Bishop C. L., (4 Ed.) 849.

RAY, J.—The respondent, George Bruffey, was indicted at the January term, 1881, of the St. Louis criminal court for burglary in the second degree and larceny. The indictment contained but one count. He was tried at the same term of court and acquitted of the burglary but convicted of the larceny, his punishment being assessed at two years in the penitentiary. His motion for new trial was sustained, and at the March term, 1881, he was retried upon the entire indictment, convicted of both burglary and larceny, and his punishment assessed at five years in the penitentiary, three years for the burglary and two for the larceny. The first verdict specially acquitted of the burglary. The defendant appealed from the judgment of the criminal court to the St. Louis court of appeals, where that judgment was reversed as to the burglary and affirmed as to the larceny. From the judgment of the court of appeals the circuit attorney, for the State, appealed the case to this court. The only question presented for the consideration of the court is, whether the defendant could be held to answer for the burglary upon the second trial, after having been acquitted of that charge upon the first trial.

We have given the record in this case, as well as the briefs of counsel and the authorities cited, a careful examination, and are unable to find any error in the judgment of the St. Louis court of appeals reversing that of

the St. Louis criminal court as to the burglary in question, and affirming it as to the larceny.

The opinion of the St. Louis court of appeals, delivered by LEWIS, P. J., we find in the record, and it reads as follows:

"The defendant was indicted for burglary and larceny, both offenses being charged in one count. Upon trial before a jury he was convicted of the larceny, but acquitted as to the burglary. His motion for a new trial was sustained, and at a subsequent term he was again tried on the same indictment and found guilty of both burglary and larceny. It is assigned for error that the defendant could not lawfully be convicted of burglary on the second trial, after his acquittal of that offense on the first. Burglary and larceny are two distinct, separate and independent offenses. The statute, (R. S., § 1301,) permits a prosecution for both in the same count, or in separate counts of the same indictment, but nowhere intimates that the two may be regarded as one offense. On the contrary, provision is made in the same section for a separate assessment of punishment for each of the two crimes. In *State v. Alexander*, 56 Mo. 131, the defendant was convicted of burglary and larceny in one proceeding. The Supreme Court affirmed the judgment as to the larceny, and reversed it as to the burglary. If there had been two indictments, one for each of the crimes charged, and two separate trials, it will hardly be questioned that the granting of a new trial in the one case would not re-open a verdict of acquittal in the other. Such an acquittal would be a perpetual bar under article 2, section 23, of our State constitution : ' *

* Nor shall any person after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty.' We are unable to perceive how the general assembly can, by a statute regulating criminal procedure, deprive any citizen of a constitutional right. No such effect was intended, and none can follow a law which simply provides for the trial of two offenses charged under

one indictment. The prosecution for burglary, in this case, was ended forever by the verdict of not guilty.

It is claimed for the State that the familiar constitutional rule has been changed by a provision in the section above referred to that ' if judgment be arrested after a verdict of guilty on a defective indictment, or if judgment on a verdict of guilty be reversed for error in law, nothing herein contained shall prevent a new trial of the prisoner on a proper indictment, or according to correct principles of law.' This provision has no application whatever to the question before us. As to the ' offense' touching which defendant claims constitutional exemption from second trial, there was no ' verdict of guilty,' and no arrest of judgment, or reversal of such verdict for error of law or otherwise. The constitutional exemption distinctly applies to the *offense* and not merely to the procedure. There was a verdict of guilty as to the offense of larceny, and no doubt exists that the second trial upon that charge was proper upon well established principles.

We are referred to *State v. Simms*, 71 Mo. 538. In that case it was held that where a conviction of murder in the second degree on an indictment charging murder in the first degree, has been set aside, the defendant may, under the present constitution, be tried a second time for the murder in the first degree. There the indictment charged but one offense : Murder, including all the grades. The prisoner was found guilty of that offense, though in a degree inferior to the charge. The effect was very different from that of a conviction for a totally different offense, which the statute might have permitted to be tried by the same jury. No lawyer will say that larceny is a grade of burglary, or. *vice versa.* We find nothing in this decision to disturb our conclusions in the present case."

This opinion of the St. Louis court of appeals, with its reasoning, conclusiveness and citation of authorities, we have also carefully considered and examined, and deem it a just, true and faithful exposition and presentation of

the law of the case, with which we are well satisfied.   The judgment, therefore, reversing the judgment of the St. Louis criminal court, as to the burglary in question, and affirming it as to the larceny, is in all things affirmed.   All the judges concur.