[No. 21955. *En Banc.* May 21, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. W. J. OWENS, *Appellant.*[1]

[1]Reported in 288 Pac. 233.

*John F. Dore,* for appellant.
*Ewing D. Colvin,* for respondent.

FRENCH, J.—The defendant was charged by an information filed by the prosecuting attorney of King county with having embezzled from the Bayside Steamship Company certain money. Count I charges that, "on or about the 31st day of May, A. D. 1926, and on divers days and dates thereafter up to and including the 11th day of July, 1927," while an employee and having certain moneys in his possession and under his control, he did appropriate to his own use $832; count II of the information charged the misappropriation of $55.68 as having taken place on or about the 21st day of October, 1926; count III of the information charges the appropriation of certain sugar, and count IV charges the misappropriation of certain goods. The case came on for trial and the defendant was then found guilty on count I of the information and not guilty on counts II, III, and IV. Thereafter the defendant was granted a new trial. When the case was called for trial the second time upon count I of the information, the defendant entered his plea of former acquittal, which plea was in words and figures as follows, omitting the formal parts:

"I

"That the pleader was and still is the same W. J. Owens, who is named as defendant in said informa-

tion, filed in the superior court of King county on February 4, 1928, being numbered 13967 of the files and records of said court.

"II

"That said information contains four counts; that a trial was had on all four counts of said information and a verdict was returned on March 31, 1928, and that on counts II, III, and IV, this defendant was found not guilty; that on count I he was found guilty; that a motion for a new trial was granted, as is shown by the files and records of said cause.

"III

"That the offense charged in count II and count I of the information herein is identically the same, and that evidence sufficient to sustain a conviction on count I would sustain a conviction on count II, and that evidence sufficient to sustain a conviction on count II would be sufficient to sustain a conviction on count I, and that the same identical testimony would sustain a verdict of guilty on either count of the identical offense charged in either count.

"Wherefore, your pleader herein asks this court to sustain his plea of former acquittal and to hold that the plaintiff is barred from proceeding with any trial whatsoever on count I of said information."

This plea was properly verified and a demurrer was filed thereto by the prosecuting attorney, which demurrer was sustained. Thereafter, the trial proceeding, the defendant was found guilty on count I, and this appeal follows.

■ It is suggested that, a new trial having been granted, the defendant could again be properly tried on all the counts contained in the information.

In the case of *State v. Brunn,* 145 Wash. 435, 260 Pac. 990, after stating that our statute had been taken practically word for word from the Federal statute, this court said:

"It is a familiar rule requiring no citation of authority that statutes adopted from other jurisdictions,

which have been construed by the proper authority before such adoption, will be considered as adopted with the construction already placed upon them, and it seems necessary to inquire only as to what the Federal courts have said."

██ ██ It becomes necessary, therefore, to inquire as to the Federal rule where there has been a conviction on certain counts in an indictment and an acquittal on others. One of the cases which we have examined, and which touches upon the question of inconsistent verdicts, is *Boyle v. United States,* 22 Fed. (2d) 547, where the following language is used:

"The second question remains. Notwithstanding the inconsistency, can the verdict as to the eighth count stand?

"There exists diversity of opinion among the various Federal courts as to the effect of an inconsistent verdict, where there are different counts in an indictment. On the one hand, it has been held that, where a jury convicts upon one count and acquits upon another, the conviction will stand, though there is no rational way to reconcile the two conflicting conclusions. Such is apparently the holding in the second, sixth and seventh circuits. *Marshallo v. United States,* 298 F. 74 (C. C. A. 2); *Steckler v. United States,* 7 F. (2d) 59 (C. C. A. 2); *Seiden v. United States,* 16 F. (2d) 197 (C. C. A. 2); *Gozner v. United States,* 9 F. (2d) 603 (C. C. A. 6); *Carrigan v. United States,* 290 F. 189 (C. C. A. 7).

"On the other hand it has been held under similar circumstances that the conviction will not be allowed to stand, unless the verdict of conviction is supported by evidence other than the facts pleaded in support of the counts upon which acquittal has been had. This is the view adopted by this circuit and apparently in the third. *Peru v. United States,* 4 F. (2d) 881 (C. C. A. 8); *Murphy v. United States,* 18 F. (2d) 509 (C. C. A. 8); *John Hohenadel Co. v. United States,* 295 F. 489 (C. C. A. 3)."

It will be noted that, in the quotation above given, it is conceded that in all circuits the acquittal stands as to the counts on which a verdict of not guilty was returned. In the case of *Garrett v. United States,* 17 Fed. (2d) 479 (C. C. A. 5), the defendant had been tried on an indictment containing seventeen counts. He had been convicted on seven counts and acquitted on ten. On appeal, the circuit court decided that:

"Notwithstanding the indictment was rendered fatally defective by the erasures, defendant is entitled to the benefit of his acquittal on ten of the counts. *United States v. Ball,* 163 U. S., 662, 16 S. Ct., 1192, 41 L. Ed. 300; *Kepner v. United States,* 195 U. S., 100, 24 S. Ct. 797, 49 L. Ed. 114, 1 Ann. Cas. 655.

"On a new trial of the case it would be better that the trial be had on a copy of the indictment, in order to avoid any confusion in the minds of the jury. Reversed."

Under the Federal rule, therefore, the effect of the acquittal on count II must be to find the defendant not guilty as to all transactions which might have been put in evidence under count II.

■ ■ We will therefore consider the question whether or not the plea is sufficient in form. Mr. Bishop, in his work on New Criminal Procedure, Vol. 1, § 814, states that the only method for taking advantage of a former conviction or acquittal is by a special plea, and that the plea must allege the record of the former proceedings, the identity of the person, the identity of the offense, and that the jurisdiction of the court on the former trial must affirmatively appear.

Certainly these matters all appear on the face of the plea in the instant case, so that it then becomes a question of whether or not an examination of the information discloses facts from which it affirmatively appears that the plea cannot be sustained. It is certain that proof that the defendant, on or about October 21, 1926,

embezzled $55.68 would be sufficient to sustain a conviction on a charge that the defendant, between the 31st day of May, 1926, and the 11th day of July, 1927, embezzled $832. In other words, proof of facts admissible in evidence under count II of this information would warrant the jury in convicting on count I of the information, although it is probably true that evidence might have been introduced under count I of the information and sustained a conviction thereon which would not have warranted a conviction on count II. The court, therefore, cannot say, as a matter of law, that the defendant has not been acquitted of doing the very things which would warrant a conviction under count I of the information. Differently stated, the state may be relying on facts provable under the charge that ''on or about the 31st day of October, A. D. 1926,'' the appellant embezzled $55.68 of the money of the Bayside Steamship Company, to secure a conviction under count I. But the defendant has already been acquitted of all acts provable under this charge. As to all such transactions, he has been in jeopardy.

The plea is sufficient on its face, and, presenting an issue of fact as it does, cannot be decided by the court as a matter of law, but like all other issues of fact must be submitted to a jury.

Judgment reversed with instructions to grant a new trial and proceed in accordance with this opinion.

MITCHELL, C. J., PARKER, BEALS, and MAIN, JJ., concur.

TOLMAN, J. (dissenting)—The rule of law announced in the majority opinion is not, as I understand it, one of uniform application or supported by what may be called the decided weight of authority. Indeed, the Federal cases upon which the opinion chiefly rests indicate such a diversity of opinion as to warrant us in

holding that, in adopting the Federal statute on joining counts in an indictment or information, the legislature did not thereby adopt any rule of construction upon the point now under consideration.

The rule, no doubt, is that, where several counts charging different offenses are contained in the same indictment or information and the defendant is convicted upon some counts and acquitted upon others, he cannot on a new trial, although granted on his own motion, again be put in jeopardy upon those counts of which he has been acquitted. But where, as here, the information charges but one offense stated in several counts as having been committed in several different ways and the verdict is guilty upon one count and not guilty upon another, the verdicts are either inconsistent or amount to a holding that the defendant did commit the crime in one way and did not commit that same crime in another way, and, a new trial having been granted on the defendant's motion, he should again be brought to trial upon all of the counts. This distinction is well defined in 16 C. J. 259, § 433, where the rule is stated as follows:

"Where an indictment contains several counts charging different offenses, and defendant is acquitted under some counts and convicted under others, and a new trial is granted on his application, he cannot be put on trial again for the offenses charged in the counts on which an acquittal was had.

"But where an indictment is for but one offense, although charged in several counts in different ways, and defendant is convicted upon some of the counts and acquitted upon others, the granting of a new trial upon this motion opens the case for retrial upon the counts on which he was acquitted as well as upon those on which he was convicted."

The subject is discussed in a note in 4 Am. St. 119, which reads:

"Where Indictment Contains Several Counts, if the defendant, convicted on some of the counts, but acquitted on others, asks for and obtains a new trial, he can be tried again on those counts only on which he was convicted on the first trial, and cannot be retried on those of which he was acquitted: Wharton's Cr. Pl. & Pr., § 895; *United States v. Davenport,* Deady, 264 Fed. Cas. No. 14,920; *Logg v. People,* 8 Ill. App. 99; *State v. Malling,* 11 Iowa, 239; *Morris v. State,* 8 Smedes & M. [Miss.] 762; *State v. Kattlemann,* 35 Mo. 105; *State v. Bruffey,* 75 Mo. 389; *Campbell v. State,* 9 Yerg. [Tenn.] 333; 30 Am. Dec. 417; *Esmon v. State,* 1 Swan [Tenn.], 14; *State v. Kittle,* 2 Tyler [Vt.], 471; *Lithgow v. Commonwealth,* 2 Va. Cas. 297; but see *Lesslie v. State,* 18 Ohio St. 390; *Jarvis v. State,* 19 Ohio St. 585; *State v. Stanton,* 1 Ired. [N. C.] 424. In these cases it was held that where an indictment is for one offense only, though charged in several counts in different ways, and the defendant is convicted on some counts and acquitted on others, the granting of a new trial on his own motion opens the case for retrial upon the counts upon which he was acquitted as well as upon those on which he was convicted."

The authorities are not uniform, but I think the better considered cases, as well as the better reason, support the rule as announced in Corpus Juris.

The plea of former acquittal, which was here interposed, was not only admitted by the demurrer, but it apparently states the true facts as disclosed by the record. Therefore, the ruling of the trial court in sustaining the demurrer was correct, because the facts thus admitted were no bar to a new trial upon all of the counts of the information.

I therefore dissent.

FULLERTON, HOLCOMB, and MILLARD, JJ., concur with TOLMAN, J.