[No. 25839. Department Two. January 10, 1936.]

THE STATE OF WASHINGTON, *Appellant*, v. BENJAMIN TAYLOR, *Respondent*.[1]

*Warren G. Magnuson, B. Gray Warner,* and *John M. Schermer,* for appellant.

*Oscar A. Zabel,* for respondent.

[1] Reported in 52 P. (2d) 1252.

BEALS, J.—The defendant Benjamin Taylor and one W. E. McAllister were jointly charged by information with the crime of manslaughter. By the first count, it was charged that January 1, 1935, each defendant was driving an automobile along the Bothell highway in King county; that defendant Taylor was driving in a southerly direction, and that McAllister was driving north; that each driver operated his automobile recklessly and negligently; that each driver was under the influence of intoxicating liquor and disregarded certain laws of the road; that, as a result of the negligent operation of the automobiles, the machines collided, mortally wounding one Wilma Major, a passenger in the automobile driven by defendant Taylor, of which wounds Wilma Major died on the same day. By count two of the information, it was charged that, as a result of the collision, Helen Hamro, who was riding in the McAllister car, was killed. By the third count, it was charged that the collision resulted in the death of one William L. Dodson, who was riding in the McAllister car (in fact, Dodson was with Taylor) ; while the fourth and fifth counts charged the deaths of Grace Park and Dorothy Major, respectively, the former a passenger in the McAllister car, and the latter a passenger in that driven by Taylor.

In this action, defendant Taylor alone was put upon his trial, the jury returning a verdict of guilty as to counts one, three and five, and not guilty as to counts two and four (those two counts charging the deaths of the persons who were riding with McAllister). After the filing of the verdict, the defendant moved for arrest of judgment upon two grounds: First, that there was no proof "of some element of the crime for which the defendant Benjamin Taylor has been tried;" and second, that the verdict was

". . . inconsistent, contradictory, and contrary to law, and cannot stand by reason thereof, in that the defendant has been found not guilty for two deaths in a collision in which the jury were instructed five deaths resulted."

Defendant also moved for a new trial upon six grounds, including that of misconduct of the jury.

The trial court entered its order granting the defendant's motion for a new trial, reciting in the order certain facts from which the court concluded that the jury had been guilty of such misconduct that the court was required to grant defendant's motion. In its order, the court stated that, in view of its conclusion upon defendant's motion for a new trial, it was not necessary to consider the other issues raised by defendant.

It does not appear that defendant objected to the failure of the trial court to pass upon his motion in arrest of judgment or excepted to the failure of the trial court to rule thereon. The record before us, which is composed simply of the clerk's transcript (no statement of facts being included therein), shows merely that the defendant made a motion for new trial, which was granted, and the motion in arrest of judgment, which was not passed upon.

A few days after the entry of the order granting a new trial, defendant filed a "plea of former acquittal," in which it was alleged that the information upon which he was tried contained

". . . five counts of manslaughter, charging the defendant with the identical crime, the identical criminal negligence and the identical and same facts and the identical and same act in causing the death of five people as a result of the one and same automobile collision;"

further alleging the verdict of the jury, and that the evidence, sufficient to sustain a conviction on counts

one, three and five, of which the defendant was found guilty, would sustain a conviction on counts two and four, of which defendant had been acquitted. The plea concludes with the prayer that the court sustain defendant's plea of former acquittal and hold that the state should be barred from proceeding with any further trial on counts one, three and five, as well as upon counts two and four.

A few days later, the defendant filed a "motion for judgment of dismissal of counts one, three and five of the information," stating in his motion practically the same facts as he had alleged in his plea of former acquittal and asking for the dismissal of counts one, three and five, with prejudice.

The case was evidently assigned to another department of the court for trial, and the next item contained in the transcript consists of an order dismissing the proceeding, dated and filed June 15, 1935, which order reads as follows:

"This matter, coming on to be heard in its regular order on June 6, 1935 upon the motion of the defendant, Benjamin Taylor, for dismissal of Counts I, III and V of the Information herein, on account of former acquittal and former jeopardy, and further, this matter coming on to be heard in its regular order upon the demurrer to the plea of the defendant of former acquittal and further this matter coming on to be heard in its regular order upon the motion in arrest of judgment of the defendant, Benjamin Taylor, heretofore filed, and the plaintiff having been represented by the prosecuting attorney for the County of King, through his deputies, John Schermer and B. Gray Warner, and the defendant, Benjamin Taylor, appearing in person and by his attorney, Oscar A. Zabel, and the court having examined the records of the case, and the affidavit in support of defendants' motion to dismiss and having heard the argument of counsel upon said motion to dismiss, motion in arrest of judgment

and the plea of former acquittal and a demurrer thereto.

"Now, THEREFORE, the court does hereby find that said motion to dismiss, that said plea of former acquittal, and that said motion in arrest of judgment are well taken as a matter of law, and the court being otherwise fully advised in the premises, it is, now, therefore, hereby

"ORDERED, ADJUDGED AND DECREED that the motion in arrest of judgment and for dismissal be, and the same are hereby granted, and the demurrer to the plea of former acquittal of the defendant, Benjamin Taylor, be, and the same is hereby, overruled.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the state of Washington be, and the same is hereby, barred from proceeding with any trial whatsoever on all of the five counts in the information herein, and that the defendant, Benjamin Taylor, herein be, and he is hereby discharged from the cause or causes of action alleged and set forth in the five counts of the information filed herein."

From this order, the state has appealed, assigning error upon the granting of defendant's motion for arrest of judgment and upon the granting of his motion for dismissal; also contending that the trial court erred in overruling the state's demurrer to the defendant's plea of former acquittal. No such demurrer appears in the transcript, but the order appealed from recites that such a demurrer was presented, and that, the plea of former acquittal being good "as a matter of law," the demurrer thereto was overruled.

The record nowhere indicates that the state elected to stand upon its demurrer, or that it was stipulated that the facts stated in Taylor's plea of former acquittal were true. A plea of former acquittal, good as matter of law, presents a question of fact which must be determined, as any other such question, upon evidence, unless, of course, the state elects to stand

upon a demurrer, thereby submitting the case solely as a question of law.

The trial court was clearly in error in attempting to grant any motion in arrest of judgment which respondent had filed. A new trial had already been granted by the judge who presided at the first trial, and there was, therefore, no prospective judgment to arrest, and no motion for arrest of judgment was then appropriate.

Respondent's motion to dismiss in effect amounts to no more than a plea on his part of former jeopardy or former acquittal, and this motion to dismiss was, as indicated in the order appealed from, granted.

We find no basis in the record for the granting of this motion. Respondent relies upon the case of *State v. Owens,* 157 Wash. 54, 288 Pac. 233. In that case, the defendant was charged with the crime of embezzlement. By count one, it was charged that,

" . . . on or about the 31st day of May, A. D. 1926, and on divers days and dates thereafter up to and including the 11th day of July, 1927,"

he embezzled $832. By count two, he was charged with misappropriation of $55.68, on or about October 21, 1926. By two other counts, he was charged with the appropriation of certain personal property. On his trial, the defendant was found guilty on count one, and not guilty on counts two, three and four. Defendant's motion for a new trial was granted, and at the opening of his second trial on count one of the information he pleaded former acquittal.

This court held that, as the date of the alleged embezzlement charged in count two, of which defendant was found not guilty, fell within the period between the two dates set forth in count one, proof in support of the allegations of count two would have been sufficient to sustain a conviction under count one, and

that this court could not say, as matter of law, that the defendant had not been acquitted of doing the very things which would warrant a conviction under count one. It was held that the plea of former jeopardy was sufficient on its face, and that, as the same presented an issue of fact, it should be submitted to a jury.

In the case at bar, the trial court not only held that the plea was good as matter of law, but held that it was also good as matter of fact, and dismissed the proceeding. This was clearly error.

In any event, the opinion of this court in the case cited is not controlling here. The two counts which were considered in that case both involved the embezzlement of money, not of some specific dollars, but simply money. In the case at bar, each count was based upon the alleged killing of a different person. In each count pleaded, the *corpus delicti* was the killing of one named individual. The *Owens* case would be in point if it could be imagined that a defendant could, in the first count of an information, be charged with the killing of five people between certain specified dates, and then in the second count charged with the killing of some one specified person at a time between the dates fixed in the first count. Of course, no such charge could stand for a moment against objection, but only by some such flight of the imagination can it be argued that the *Owens* case is here in point.

Even though two persons are killed by the same act, as by one bullet from a rifle, each killing constitutes a separate crime. On the contrary, a larceny of ten dollars is one offense.

In the case of *State v. Robinson,* 12 Wash. 491, 41 Pac. 884, it appeared that the defendant had been charged with the murder of one Schultz, the jury returning a verdict of not guilty. Robinson was later

charged with the murder of one Smith and entered a plea of former acquittal. It appeared that Schultz and Smith were both killed in a single affray, and that the relation of Robinson to the killing of each man was substantially the same. This court held that the trial court properly instructed the jury in the second trial that they should not consider the defendant's plea of former acquittal, this court holding that the record warranted such an instruction.

In 7 California Jurisprudence, § 98 (pp. 956-7), it is stated that in California it is settled law

". . . that where by one act two persons are wounded or killed, two distinct crimes are committed and a conviction or acquittal for the wounding or killing of one will not bar a prosecution for wounding or killing the other."

This matter is also discussed in 8 R. C. L., § 139 (p. 151).

It is clear that the order appealed from was erroneously entered, and the same is hereby reversed.

MILLARD, C. J., BLAKE, MAIN, and HOLCOMB, JJ., concur.