[No. 30554. Department Two. September 30, 1948.]

THE STATE OF WASHINGTON, *Respondent*, v. CEDRIC TUOHY, JR., *Appellant*.[1]

[1]Reported in 197 P. (2d) 1014.

*A. E. Dailey* and *Stanley L. Conroy,* for appellant.

*Phillip Sheridan, C. P. Brownlee,* and *Harold J. Hall,* for respondent.

ROBINSON, J.—In this cause, the appellant, Tuohy, was charged with negligent homicide in a two-count information which, omitting the formal parts, read as follows:

"Count I. He, the said Cedric Tuohy, Jr., in the County of Snohomish, State of Washington, on or about the 19th day of July, 1947, did then and there operate and drive a motor vehicle over and along a public highway of said county and state and while being then and there engaged in the discharge of his duties as such driver and operator of said motor vehicle did then and there wilfully, unlawfully and feloniously operate said motor vehicle in a reckless manner and with disregard for the safety of others, and as a direct and proximate result of the aforesaid acts, the said Cedric Tuohy, Jr., did drive his automobile into and against the automobile being then and there driven by one LaVerne Sackmann, thereby mortally wounding one Kenneth Tallman, a passenger in the automobile of said LaVerne Sackmann, from which said mortal wounds the said Kenneth Tallman then and there died on the 21st day of July, 1947.

"Count II. He the said Cedric Tuohy, Jr., in the County of Snohomish, State of Washington, on or about the 19th day of July, 1947, did then and there operate and drive a motor vehicle over and along a public highway of said county and state and while being then and there engaged in the discharge of his duties as such driver and operator of said motor vehicle did then and there wilfully, unlawfully and feloniously operate said motor vehicle in a reckless manner and with disregard for the safety of others, and as a direct and proximate result of the aforesaid acts, the said Cedric Tuohy, Jr., did drive his automobile into and against the automobile being then and there driven by one LaVerne Sackmann, thereby mortally wounding one Betty Holden, a passenger in the automobile of the said LaVerne Sackmann, from which said mortal wounds the said Betty Holden then and there died on the 24th day of July, 1947."

Some weeks prior to the trial of the action, counsel for defendant demurred to the information on the ground that it was duplicitous, in that it attempted to make two separate and distinct charges out of one series of facts or one transaction. At the same time, counsel moved the court to require the state to elect on which count it would proceed to trial. The court overruled the demurrer and refused to order the state to elect.

At the beginning of the trial, the demurrer and motion requiring the state to elect were renewed, and again denied. At the close of the state's evidence, the defendant again moved for an order requiring the state to elect between the two counts. The trial court denied the motion, and ultimately the case went to the jury on both counts. The jury returned a verdict of guilty on each count. In due course, defendant moved for a new trial, which motion was heard and denied. Subsequently, judgment and sentence was entered on the verdicts, which judgment and sentence, omitting some recitals and merely formal parts, read as follows:

"It Is HEREBY CONSIDERED, ORDERED, ADJUDGED and DECREED by this Court that the defendant Cedric Tuohy, Jr., is guilty of the crime of negligent homicide as charged in Count I and that he be punished therefor by imprisonment in the County Jail for the County of Snohomish, State of Washington, at Everett, in said county and state, for a period of Six (6) months, and the said defendant is hereby remanded to the custody of the Sheriff of said County of Snohomish, State of Washington.

"It Is FURTHER ORDERED AND ADJUDGED by this Court that the defendant is guilty of the crime of negligent homicide as charged in Count II and that he be punished therefor by imprisonment in the County Jail for the County of Snohomish, State of Washington, at Everett, in said county and state, for a period of Six (6) months, and the said defendant is hereby remanded to the custody of the Sheriff of said County of Snohomish, State of Washington.

"It Is FURTHER ORDERED AND ADJUDGED that the aforesaid sentences run concurrently.

"It Is FURTHER ORDERED AND ADJUDGED that pursuant to the mandatory provisions of the statutes of the State of

Washington, the motor vehicle operator's license of the defendant is hereby revoked for a period of one year.

"It Is Finally Ordered and Adjudged that the defendant shall be given credit for good behavior during his confinement in the Snohomish County Jail, the reduced time allowed for the defendant's good behavior shall not exceed five days for each month of confinement in the County Jail in Snohomish County, Washington."

Upon defendant's appeal, which the record shows was timely perfected, the assignments of error are as follows:

"(1) The Court erred in denying defendant's motion demanding the State to elect on which count they would go to trial and in denying the demurrer to the Information because of its duplicity.

"(2) The Court erred in denying defendant's motion demanding the State elect as to which count the case should go to the jury.

"(3) The Court erred in its Instructions No. 4 and 12, respectively, wherein the Court directed the jury to enter a verdict on each count and further that defendant could be guilty of one count and be acquitted of the other.

"(4) The Court erred in rendering judgment and sentencing defendant for two crimes growing out of two counts of the Information, which counts were based on but one transaction."

Appellant, complying with the court rule requiring him to state the questions involved in the appeal, states the following:

"(1) In an information charging negligent homicide by an automobile where the deaths of more than one person followed from one transaction, is it proper to allege in one Information in separate counts separate crimes, basing each crime upon the fact that a different person was mortally wounded, although all other acts in both or all counts were the same?

"(2) In an Information charging negligent homicide where more than one person died as the result of one transaction or action, when the criminal intent or mens rea is implied by law, is the Information duplicitous and subject to an order making the State elect upon which count they will go to trial?"

Respondent, state, complying with the same rule, states the questions involved as follows:

"(1)   Where two persons are killed by the same criminal act in the operation of a motor vehicle, does each killing constitute a separate offense?

"(2)   Where two offenses arise out of the same criminal act, may they be joined in separate counts in one information?"

There is, therefore, no substantial difference between the parties as to the questions involved on this appeal, and, as they are clearly procedural questions only, no analysis or discussion of the evidence is required.

■   The information in this cause is clearly permissible under Rem. Rev. Stat., § 2059 [P.P.C. § 132-13], which reads as follows:

*"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts;* and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated." (Italics ours.)

See *State v. Dixon* (1927), 143 Wash. 262, 255 Pac. 109. See, also, citations in 4 Rem. Rev. Stat. 221, § 75.

■   Nevertheless, appellant strongly contends that, in this cause, the joinder of the two counts placed him twice in jeopardy for the same offense and, therefore, invaded his constitutional rights, citing *State v. Cosgrove,* 103 N. J. L. 412, 135 Atl. 871; *Woodford v. People,* 62 N. Y. 117, 20 Am. Rep. 464; *Smith v. State,* 159 Tenn. 674, 21 S. W. (2d) 400; *State v. Poulson,* 6 N. J. Misc. 168, 141 Atl. 165, and a number of other cases. All of the cases just cited apply the minority rule.

There is a note pertinent to the jeopardy phase of the matter in 172 A. L. R., beginning at p. 1053. We quote a portion of a subdivision of the note entitled, "Single act causing injury to or death of two or more persons":

"Though the courts recognize that a single act may constitute two or more distinct and separate offenses and a person charged therewith may be punished for all of them, they are not always in accord as to what constitutes distinct and separate offenses arising from a single act. *Thus, there is a conflict on the question of how many offenses are committed where two or more persons are injured or killed by a single criminal act in the operation of a motor vehicle. The majority of courts hold that there are as many separate and distinct offenses as there are persons injured or killed by the unlawful act so that successive prosecutions may be instituted against the person who committed the unlawful act without violating the rule against double jeopardy.*

"Illinois.—*People v. Allen* (1937) 368 Ill 368; 14 NE2d 397 (appeal dismissed in (1939) 308 US 511, 84 L ed 436, 60 S Ct 132).

"Kentucky.—*Fleming v. Com.* (1940) 284 Ky 209, 144 SW2d 220.

, "Massachusetts.—*Com. v. Maguire* (1943) 313 Mass 669, 48 NE2d 665.

"Minnesota.—*State v. Fredlund* (1937) 200 Minn 44, 273 NW 353, 113 ALR 215.

"Oklahoma.—*Fay v. State* (1937) 62 Okla Crim 350, 71 P2d 768.

"Virginia.—*Lawrence v. Com.* (1943) 181 Va 582, 26 SE2d 54.

"Washington.—*State v. Taylor* (1936) 185 Wash 198, 52 P2d 1252.

"Accordingly, in *People v. Allen* (1937) 368 Ill 368, 14 NE2d 397 (appeal dismissed in (1939) 308 US 511, 84 L ed 436, 60 St Ct 132), where a motorist so operated a motor vehicle as to cause the death of two pedestrians in the same accident, the court held that two offenses were created so that the discharge of the motorist for the involuntary manslaughter of one of the two pedestrians was not a bar to a subsequent prosecution for involuntary manslaughter of the other pedestrian. See to the same general effect the concurring opinion of Mr. Justice Wedell in *State v. Carte* (1943) 157 Kan 673, 143 P2d 774, where three persons were instantly killed in the same accident. The question was not treated in the opinion of the court, which based its decision upon other issues.

"And, in *Lawrence v. Com.* (1943) 181 Va 582, 26 SE2d 54, where two persons were killed in an automobile accident by the single act of negligence of the defendant, a

conviction of the defendant for the murder of one of the two persons was held not to preclude the defendant from being prosecuted for the murder of the other person.

"Again, in *State v. Taylor* (1936) 185 Wash 198, 52 P2d 1252, where five persons were killed in an automobile collision, the court held that the defendant had commited five different offenses so that an acquittal of the charge of manslaughter for causing the death of two persons would not bar a prosecution of manslaughter for causing the death of the other three persons." (Italics ours.)

It is clear that our decided cases are in accord with what the annotation states in the majority rule. See, in addition to *State v. Taylor* (1936), 185 Wash. 198, 52 P. (2d) 1252, a much later decision in *In re Rice,* 24 Wn. (2d) 118, 163 P. (2d) 583. In the opinion in this case, decided in 1945, it is said, in part:

"While it may be said that the charges contained in this information constitute but a single act or transaction, and that the counts simply charge several separate legal consequences of the same act, the charges are nevertheless by the express terms of Rem. Rev. Stat., § 2059, capable of being joined in the same information. Appellant has not been successively placed in jeopardy for *former* convictions of the same offense; he has been but once convicted for the commission of an act which constitutes three statutory offenses, being the legal consequences of the one act. Since the sentences run concurrently and do not exceed the penalty fixed by the statute for one of the offenses of which he was properly convicted, appellant is punished but once for his unlawful act."

In the instant case, the appellant has been but once convicted of a single criminal act, and since, in this case, as in the *Rice* case, the sentences run concurrently, he is punished but once for that offense. In our opinion, there is no merit in the appellant's assignments of error.

For the foregoing reasons, the judgment and sentence appealed from will stand affirmed.

MALLERY, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.

---

November 9, 1948. Petition for rehearing denied.