[No. 6204–1.   Division One.   August 6, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DOYLE
O'NEAL, *Appellant.*

*Phil Mahoney,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Pamela Holliday, Deputy,* for respondent.

JAMES, J.—Doyle O'Neal appeals his convictions of five counts of second–degree assault with a firearm and a deadly weapon. RCW 9A.36.020(1)(c).

The charges against O'Neal arose out of an incident at his home when police officers were attempting to serve a peace bond on him. Four officers, none of whom were injured, testified to being fired upon by O'Neal. O'Neal also fired numerous shots into the air and inside his house.

Prior to trial, defense counsel expressed his belief that O'Neal could neither appreciate his peril nor assist in his defense. Among other things, counsel stated that O'Neal could not recall the offense charged and exhibited tremendous fear and anxiety. He therefore requested the appointment of a psychiatrist, and the motion judge appointed Dr. Richard B. Jarvis to examine O'Neal "to support testimony concerning the competency and mental state of the defendant."

Dr. Jarvis prepared a letter in which he concluded that O'Neal appreciated his peril and was competent to stand trial. Dr. Jarvis also concluded that any mental irresponsibility at the time of the offense was the product of voluntary intoxication.[1]

Dr. Jarvis' letter was reviewed at a pretrial hearing at which defense counsel again expressed serious doubts about O'Neal's competency. He asked the judge to order a 15–day state hospital examination pursuant to RCW 10.77.060.[2]

---

[1] O'Neal had 0.02 percent blood alcohol 2 hours after his arrest and nearly 4 hours after the first shots were fired.

[2] RCW 10.77.060(1) provides:
Whenever . . . there is reason to doubt [defendant's] competency, the court . . . shall either appoint or request the secretary to designate at least two qualified experts or professional persons, one of whom shall be approved by the prosecuting attorney, to examine and report upon the mental condition of the

The judge concluded that O'Neal was competent to stand trial. The hospitalization request was denied, but the judge agreed to appoint a second psychiatrist to aid in deciding whether to reconsider his ruling. Although defense counsel stated that he would locate a second psychiatrist and prepare an order, no order was ever entered. The record is silent as to the result of any subsequent examination.

At this same hearing, O'Neal offered the testimony of his wife and a police officer to show his mental state. The testimony was rejected as being of no value in light of Dr. Jarvis' letter.

At trial, O'Neal presented no evidence, there was no psychiatric testimony, and there were no outbursts nor any other indications of irrational behavior by O'Neal. There is no record of any renewal of counsel's request for a hearing on O'Neal's competency.

O'Neal contends he was denied due process by the hearing judge's refusal to hold an evidentiary hearing on his competency, the lack of any cross–examination of Dr. Jarvis, and the failure to appoint a second psychiatrist.

> "Incompetency" means a person lacks the capacity to understand the nature of the proceedings against him or to assist in his own defense as a result of mental disease or defect.

RCW 10.77.010(6).

■ An accused in a criminal case has a fundamental right not to be tried while incompetent to stand trial. *Drope v. Missouri*, 420 U.S. 162, 43 L. Ed. 2d 103, 95 S. Ct. 896 (1975); *State v. Eldridge*, 17 Wn. App. 270, 562 P.2d 276 (1977). The failure to observe procedures adequate to protect this right is a denial of due process. *Drope v. Missouri, supra; Pate v. Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966). RCW 10.77 provides such a procedure, but the statutory scheme is not constitutionally

---

defendant. For purposes of the examination, the court may order the defendant committed to a hospital or other suitable facility for a period of time necessary to complete the examination, but not to exceed fifteen days.

mandated and may be waived. *State v. Israel,* 19 Wn. App. 773, 577 P.2d 631 (1978). There are no fixed signs which invariably require a hearing, but the factors to be considered include evidence of a defendant's irrational behavior, his demeanor, medical opinions on competence and the opinion of defense counsel. *Drope v. Missouri, supra; State v. Israel, supra.*

With these factors in mind, we conclude that neither due process nor RCW 10.77 required an evidentiary hearing in this case. Nothing in the record indicates the pretrial hearing judge ever observed irrational behavior by O'Neal. The appointment of Dr. Jarvis merely provided the defense with an opportunity to establish a reason to doubt O'Neal's competency. It was not based upon the hearing judge's having already decided there was such a reason. While defense counsel originally believed his client was incompetent, the hearing judge properly concluded otherwise in light of Dr. Jarvis' letter. That letter states that O'Neal was lucid, was aware of the nature of the proceedings and could recall the shooting incident. Moreover, the fact that defense counsel never pursued the second psychiatric examination and did not raise this concern at trial indicates that he had lost his doubts about O'Neal's competency.

O'Neal challenges the sufficiency of the evidence to support his convictions. Our review of the record shows his contentions have no merit except for count 2.

■ Of the four remaining counts, two arose out of the firing of three rounds by O'Neal toward officers standing close to each other. Relying upon the rule of lenity and double jeopardy, O'Neal contends he cannot be convicted of more than one count for what he calls a single act. The rule of lenity, which is a rule of statutory construction, does not apply because the assault statute is not ambiguous. *Cf. Ladner v. United States,* 358 U.S. 169, 3 L. Ed. 2d 199, 79 S. Ct. 209 (1958). With regard to double jeopardy, separate convictions are sustainable. *State v. Tuohy,* 31 Wn.2d 549, 197 P.2d 1014 (1948).

O'Neal's remaining contention is that the trial judge erred by not giving a lesser included offense instruction on reckless endangerment.

■ Two conditions must be satisfied before a lesser included offense instruction is proper. First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence must support an inference that the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978). Here, the first test is not satisfied, and the instruction was properly refused.

■ To sustain a charge of reckless endangerment, there must be proof of the creation of a substantial risk of death or serious physical injury to another person. RCW 9A.36-.050. No proof of the creation of such a risk is required for either first– or second–degree assault. One intending to kill or commit a felony with a gun which is mistakenly believed to be loaded can be guilty of first–degree assault without creating any risk of death or serious bodily injury. RCW 9A.36.010. One is similarly guilty of the type of second–degree assault defined in RCW 9A.36.020(1)(c) if one assaults another with an unloaded firearm, and no creation of a risk of death or serious bodily injury must be proved. *State v. Shaffer*, 120 Wash. 345, 207 P. 229 (1922); *State v. Thompson*, 13 Wn. App. 1, 533 P.2d 395 (1975).

The conviction on count 2 is reversed. The remaining convictions are affirmed.

Reversed in part; affirmed in part.

ANDERSEN and DORE, JJ., concur.

Reconsideration denied September 26, 1979.

Review denied by Supreme Court December 7, 1979.